IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:13-CR-12-RLJ-DCP |
| LAMAR JOHNSON, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on March 6, 2018, for a preliminary hearing on a Petition for Warrant for Offender under Supervision [Doc. 389] and a detention hearing to determine the Defendant's release status pending his revocation hearing before District Judge Leon Jordan. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Joshua D. Hedrick represented the Defendant, who was also present. The Government asked the Court to detain the Defendant pending his revocation hearing, arguing that he is both a danger to the community and a flight risk. The Defendant, who had previously requested a preliminary hearing and detention hearing, sought release pending his revocation hearing. He proposed that he continue to live with his mother, that he remain on the same conditions previously imposed, and that he be placed on additional conditions, such as electronic monitoring or a curfew.

Considering the testimony and arguments at the hearing along with the Court file, the Court finds **PROBABLE CAUSE** to believe that the Defendant has violated the conditions of his release by committing state crimes, specifically possession of a firearm by a convicted felon, evading arrest in a vehicle, and possession of more than ten pounds of a schedule VI drug. These crimes, stemming from an incident on February 16, 2018, have resulted in charges in Knox County,

Tennessee. The Court bases this finding on the testimony of Sergeant James Lockmiller of the Knoxville Police Department ("KPD"). Sergeant Lockmiller testified that KPD received a 911 call, reporting two men with rifles standing outside of a house and subsequently leaving in a white car. Officers attempted to stop a car meeting the description and pursued the vehicle for five blocks when it failed to stop. The vehicle left the road and crashed into a wooded area, with the Defendant, who was driving, pinned inside the car. Officers found a handgun in the passenger's side floorboard, a rifle on the ground outside of the passenger's door, and twelve pounds of marijuana on the backseat. While reporting to the scene, Sergeant Lockmiller struck a rifle case containing an assault rifle, which was lying in the road on the route of the pursuit. The Court finds that Sergeant Lockmiller's testimony about these crimes was not discredited or impeached.

With regard to detention, the Court typically orders pretrial detention of a defendant only if it finds no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any person or the community. 18 U.S.C. § 3142(e). With respect to the release or detention of persons appearing for an alleged violation of probation or supervised release, the Court shall order that the defendant be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community if released. Fed. R. Crim. P. 32.1(a)(6); *see also* 18 U.S.C. § 3143(a). The defendant bears the burden of showing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(a)(6).

The Court has considered the factors set forth in 18 U.S.C. § 3142(g) and finds that they weigh in favor of detention. *See also United States v. Stone*, 608 F.3d 939 (6th Cir. 2010). The nature and circumstances of the violations alleged in this case involve both a firearm and a controlled substance. *See* 18 U.S.C. § 3142(g)(1). Sergeant Lockmiller testified that the

Defendant's flight from police in the car was preceded by a home invasion and theft by the Defendant's two passengers. The house that was the subject of this crime belongs to the grandmother of Julian Manning, who is a codefendant of Defendant Johnson in the offense for which Johnson is on federal supervised release. Manning, who was also on federal supervised release, was present at the time of the home invasion and was subsequently arrested for additional marijuana and a handgun found at that house. Additionally, Sergeant Lockmiller testified that one of the Defendant's two passengers was found deceased in the woods adjacent to the crash site. Based upon this testimony, the Court finds the weight of the evidence of the Defendant's dangerousness to be great. 18 U.S.C. § 3142(g)(2); *see Stone*, 608 F.3d at 948 (observing that factor (g)(2) "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt").

The third factor focuses on the Defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). The Court observes that the Defendant has a stable place to live with his mother, has worked during the two years that he has been on supervised release, and has generally complied with the terms of his supervised release, with the exception of one positive drug screen for marijuana in August 2016. On the other hand, the court finds that the Defendant's past conduct and criminal history, which includes a 2005 federal conviction for possession of cocaine with intent to distribute and a 2014 federal conviction for conspiring to distribute marijuana, weighs in favor of detention. Also, the Court finds that the Defendant was on federal supervised release at the time he committed the alleged violations and was on federal supervised release for the cocaine conviction when he engaged in the marijuana conspiracy, facts which also support detention. *See* 18 U.S.C. § 3142(g)(3)(B).

The final factor looks to the nature and seriousness of the danger that would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g)(4). The Court also finds this factor to weigh in

3

favor of detention, given the testimony that the Defendant transported two men with rifles to the home of his former codefendant's grandmother to perpetrate an armed home invasion and then led police on a vehicle chase that ended with the crash of his vehicle. Three days later, police found one of the Defendant's passengers, who had been missing from the time of the crash, dead in the woods adjacent to the crash site. The Court also observes that the amount of marijuana found in the car driven by the Defendant was consistent with drug trafficking, rather than personal use. *See United States v. Hernandez*, 2002 WL 1377911, *2 (E.D. Tenn. Feb. 27, 2002) (Edgar, J.) (holding that drug trafficking is inherently dangerous). The Court finds that this information presented at the detention hearing reveals the nature and seriousness of the danger posed by the Defendant is great.

The Defendant has failed to carry his burden of showing that he is not a danger to the community. The Defendant has also failed to show that release on his prior conditions or any conditions would reasonably assure the safety of the community. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community,[1] and therefore, the Defendant is **ORDERED DETAINED** pending his revocation hearing.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose

---

[1] The Government argued that the Defendant is a flight risk, because, if indicted on federal charges based upon the February 16 incident, he would face a lengthy sentence as an Armed Career Criminal. However, the Court bases its ruling on its finding that the Defendant is a danger.

of an appearance in connection with a court proceeding.  The Defendant is **ORDERED** to appear for a revocation hearing before United States District Judge Leon Jordan on **April 16, 2018, at 1:30 p.m.**

    **IT IS SO ORDERED.**

                                       ENTER:

                                       Debra C. Poplin
                                     United States District Judge